**OPINION ON REHEARING**



FILED

Apr 12 2019, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Robert E. Shive
Paul R. Sadler
Emswiller, Williams, Noland &
Clarke, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Charles P. Rice
Murphy Rice, LLP
South Bend, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Robert Walker and
Patricia Walker,
*Appellants-Petitioners,*

v.

Megan (Buckner) Knight,
*Appellee-Respondent*

——————————

Robert Walker and
Patricia Walker,
*Appellants-Petitioners,*

v.

Ashley Erin Carpenter,
*Appellee-Respondent*

April 12, 2019

Court of Appeals Case No.
18A-MI-1768

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause Nos.
29D01-1703-MI-2800
29D01-1703-MI-2801

**Baker, Judge.**

Megan Knight and Ashley Carpenter (the Mothers) have filed this petition for rehearing, which we grant for the limited purpose of addressing one issue.[1]

As a preliminary matter, the Mothers raise the same arguments they previously raised both during summary judgment proceedings and on appeal. In essence, they contend that the law does not recognize Robert and Patricia Walker (the Walkers) as grandparents for purposes of the Grandparent Visitation Act (GVA) because they no longer fit the definition after the step-fathers adopted the children. Because we already addressed this argument in our original opinion, we decline to readdress it now.

The Mothers also seek clarification of our holding that the Walkers are entitled to proceed "on the merits." We intended to give the trial court the opportunity to hear the merits of the Walkers' petitions for grandparent visitation since the Walkers and the Mothers stipulated to this procedure in their agreement. In so ordering, we are not preventing the step-fathers from being heard. Rather, we are simply enforcing the agreement signed by the Mothers and the Walkers by specifying that the trial court should hear the Walkers' argument on why they are entitled to grandparent visitation. This makes the Walkers "whole" by allowing them to make their case post-adoption, which is clearly what the

---

[1] We also clarify that the step-fathers filed and the trial court granted their petitions for step-parent adoption before Braden's death. This fact did not affect our decision.

original agreement allows for them to do. Moreover, the trial court is in the best position to hear their case and to make a determination.

[4] Our original decision stands, and in all other respects, we deny the Mothers' petition for rehearing.

May, J., and Tavitas, J., concur.